IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DORA S. BRUNO-JENSEN and )
MARTIN JENSEN, )
 )
 Plaintiffs )
 )
v. )
 )
MILTON C. HOLLAR, M.D., )
EXPRESS SCRIPTS, INC., )
JILL "DOE," and )
EXPRESS SCRIPTS UTILIZATION )
MANAGEMENT CO. )
 )
 Defendants. )

'09 CIV 4400

Case No.

Supreme Court of New York,
County of Westchester
Index No. 09-06919

RECEIVED
MAY 7 2009
U.S.D.C. S.D.N.Y.
CASHIERS

**JUDGE KARAS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, et seq., Defendant Express Scripts, Inc. ("ESI") by and through counsel, hereby remove this action from the Supreme Court of the State of New York, County of Westchester to this Court based on diversity of citizenship jurisdiction. As grounds for removal, Defendant states as follows:

**I.    Background**

1.    On April 7, 2009, Plaintiffs Dora S. Bruno-Jensen and Martin Jensen filed this lawsuit in the Supreme Court of the State of New York, County of Westchester, Index No. 09-06919.

2.    In their Verified Complaint, Plaintiffs allege that Plaintiff Dora S. Bruno-Jensen suffered severe personal injuries, illness and disabilities as a result of ESI's alleged negligence in filling Plaintiff Dora S. Bruno-Jensen's prescription medication. Plaintiffs also allege in their Verified Complaint that Plaintiff Martin Jensen has been and will in the future be deprived of his wife, Plaintiff Dora S. Bruno-Jensen's, services,

earnings, support, society, comfort and companionship as a result of said alleged negligence on the part of Defendant.

3.    Upon information and belief, a Summons issued from the Westchester County Court, State of New York was served on ESI on April 7, 2009.  Upon information and belief, a Summons issued from the Westchester County Court, State of New York was served on Milton C. Hollar, M.D. ("Hollar") on April 7, 2009.  Jill "Doe" and ESI Utilization Management Co. have not been served.  Attached hereto collectively as "Exhibit A" are copies of the Summons and Verified Complaint served upon ESI, which constitute all of the pleadings served in this case to date.

4.    Defendant wishes to exercise its right under the provisions of 28 U.S.C. § 1441, et seq., to remove this action from the Supreme Court of the State of New York, County of Westchester to this Court based upon diversity of citizenship.  Co-Defendant Hollar consented to removal.

5.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because less than thirty (30) days have elapsed since any defendant first received a copy of the initial pleading, and this Notice of Removal was filed less than one year after commencement of the lawsuit.

6.    Pursuant to 28 U.S.C. § 1446(d), after the filing of this Notice of Removal, Defendant will promptly give written notice of such filing to Plaintiffs and Co-Defendant Hollar, and will file a copy of the Notice of Removal with the Court Clerk of the Westchester County Court, State of New York.  A copy of the Notice of Filing of Notice of Removal to be filed in State Court is attached hereto as "Exhibit B."

## II.     There is Complete Diversity Between Plaintiffs and Defendants.

7.     At the time of the commencement of this action and at all times since, Plaintiff Dora S. Bruno-Jensen, upon information and belief, is and has been an individual residing in Westchester County in the State of New York.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Plaintiff Dora S. Bruno-Jensen is a citizen of New York.

8.     At the time of the commencement of this action and at all times since, Plaintiff Martin Jensen, upon information and belief, is and has been an individual residing in Westchester County in the State of New York.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Plaintiff Martin Jensen is a citizen of New York.

9.     At the time of the commencement of this action and at all times since, Defendant ESI is and has been a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri.  Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), ESI is a citizen of Delaware and Missouri.[1]

10.     At the time of the commencement of this action and at all times since, Defendant Milton C. Hollar, upon information and belief, is and has been an individual residing in Fairfield County in the State of Connecticut.  Consequently, for purposes of

---

[1]The named defendant, Express Scripts, Inc., is a pharmacy benefit manager and not a home delivery pharmacy and is therefore an improper party.  ESI believes that the named party-defendant should be ESI Mail Pharmacy Service, Inc., which is also a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Missouri.  Moreover, Express Scripts Utilization Management Company has not been properly served and its citizenship is not at issue for purposes of this removal.

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Defendant Milton C. Hollar is a citizen of Connecticut.

11.    Jill "Doe" is an unknown and unnamed party.  Therefore, Jill "Doe's" citizenship is not at issue for purposes of the removal.

12.    Thus, diversity is complete for purposes of 28 U.S.C. § 1332(a)(1).

**III.    The Allegations Contained in Plaintiffs' Verified Complaint Demonstrate that the Amount in Controversy in this Matter Exceeds Seventy Five Thousand Dollars.**

13.    Based on the allegations and the nature of the damages sought against Defendants in Plaintiffs' Verified Complaint, it reasonably appears that the amount in controversy with respect to Plaintiffs' claims, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

14.    Plaintiffs allege that Defendants failed to provide the proper prescription Plaintiff Dora S. Bruno-Jensen's prescription, and as a result, Plaintiff Dora S. Bruno-Jensen "was caused to become severely ill, was caused to seek medical attention and continues to seek medical attention and continues to be disabled as a result thereof." (Compl. ¶ 30.)

15.    Plaintiffs further allege that Plaintiff Dora S. Bruno-Jensen "sustained serious, permanent personal injuries and disability and did endure and will continue to endure prolonged pain and suffering, mental anguish and permanent damages as well as economic and non-economic losses." (Compl. ¶ 32.)

16.    Plaintiffs further allege that Plaintiff Dora S. Bruno-Jensen "sustained economic and non-economic damages where are determined to be valued in amounts in

excess of the jurisdictional limits of all lower Courts and within the jurisdictional limits of this Court." (Compl. ¶ 34.)

17.    In addition, Plaintiffs allege that Plaintiff Martin Jensen "has been caused a loss of the co-Plaintiff's companionship, services, society and emotional support, love and consortium, economic contribution to the family as well as services in and about the household." (Compl. ¶ 38.)

## IV.    Conclusion

18.    By reason of the amount in controversy and the complete diversity of citizenship of the properly joined parties, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

19.    Accordingly, the action is removable from the Supreme Court of the State of New York, County of Westchester to this Court, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

WHEREFORE, premises and annexed documents considered, Defendant Express Scripts, Inc. hereby removes the above action now pending in the Supreme Court of the State of New York, County of Westchester to the United States District Court for the Southern District of New York.

Dated: New York, New York
      May 7, 2009

                                   Respectfully submitted,

                                   AKERMAN SENTERFITT, LLP

By: _____
                                   Scott M. Kessler
                                   335 Madison Avenue, 26th Floor
                                   New York, NY  10017-4636
                                   (212) 880-3874
                                   (212) 905-6411 (fax)

                                   and

                                   HUSCH BLACKWELL SANDERS LLP
                                   Catherine M. Dickenson, Esq.
                                   J. Claire Todorovich, Esq.
                                   Katherine Purdy, Esq.
                                   190 Carondelet Plaza, Suite 600
                                   Clayton, MO 63105-3441
                                   (314) 480-1500 telephone
                                   (314) 480-1505 facsimile

                                   *Attorneys for Defendant Express Scripts,
                                   Inc.*

# EXHIBIT A

\\Server\shared\Scanned Documents\SUMMONS, COMPLAINT, CERT MERIT (JENSEN).doc

Index No.: 09-06919

Dated Purchased: 04/07/09

SUPREME COURT OF THE STATE OF NEW YORK
IN AND FOR THE COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

DORA S. BRUNO-JENSEN and MARTIN JENSEN,

Plaintiffs designate
WESTCHESTER
as the place of trial.

Plaintiffs,

-AGAINST-

The basis of venue is
Plaintiff's residence

MILTON C. HOLLAR, M.D.; EXPRESS SCRIPTS, INC.
Jill "Doe", RPh *last name unknown but described as a
pharmacist employed by, or as an agent of, EXPRESS
SCRIPTS, INC.*, and EXPRESS SCRIPTS UTILIZATION
MANAGEMENT CO.

**SUMMONS**

Plaintiffs reside at:
132 Fifth Avenue
Pelham, New York 10803

Defendants.

County of Westchester

-------------------------------------------------------------------

RECEIVED

APR - 7 2009

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
March 30, 2009

WORBY GRONER EDELMAN LLP

*Sam Rosmarin*

Sam Rosmarin, Esq.
Attorneys for Plaintiff
11 Martine Avenue – PH
White Plains, New York 10606

(914) 686-3700 Dial
(914) 686-0567 Fax

RECEIPT
Fee $210.00

SUPREME COURT, WESTCHESTER COUNTY
TITLE:

JENSEN

Plaintiff(s);

HOLLAR, EXPRESS SCRIPTS, ET ALS

Defendant(s)

D PARTY
ON

To:

MILTON C.HOLLAR, M.D.
466 Main Street
New Rochelle, New York  10801
(914) 576-7735

      Bronx Psychiatric Center
      1500 Waters Place
      Bronx, New York  10461
      (718) 931-000

      13 Fairfield Ct
      Ridgefield,Connecticut 06877
      (203)438-4745

EXPRESS SCRIPTS, INC.
c/o Corporation Service Company
80 State Street
Albany, New York

      One Express Way  HQ2E03
      St. Louis, Missouri 63121
      (314) 692-4102

      4415 Lewis Road
      Harrisburg PA 17111
      (800) 861-1735

Jill "Doe", RPh
c/o EXPRESS SCRIPTS, INC.
4415 Lewis Road
Harrisburg PA 17111
(800) 861-1735

EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO.
c/o Corporation Service Company
80 State Street
Albany, New York

2

SUPREME COURT OF THE STATE OF NEW YORK
IN AND FOR THE COUNTY OF WESTCHESTER
-------------------------------------------------------------------X   Index No: 09/_____

DORA S. BRUNO-JENSEN and MARTIN JENSEN,

                                        PLAINTIFFS,          **VERIFIED COMPLAINT**

        -AGAINST-

MILTON C. HOLLAR, M.D.; EXPRESS SCRIPTS, INC., Jill
"Doe", R Ph *last name unknown but described as a pharmacist
employed by, or as an agent of, EXPRESS SCRIPTS, INC.,* and
EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO.

                                DEFENDANTS.

-------------------------------------------------------------------X

        Plaintiffs through their attorneys WORBY GRONER & EDELMAN, LLP, complaining of the Defendants herein, respectfully allege, upon information and belief, as follows:

### JURISDICTION AND PARTIES

        1.    That at all of the times mentioned herein, the Plaintiffs are residents of the County of Westchester currently residing at 132 Fifth Avenue, Village of Pelham, County of Westchester, State of New York.

        2.    That the Plaintiffs DORA S. BRUNO-JENSEN and MARTIN JENSEN were and are husband and wife.

        3.    That at all times mentioned herein, Defendant MILTON C. HOLLAR, M.D. (hereinafter referred to as "Defendant HOLLAR") resided and/or resides within the State of New York.

        4.    That at all times mentioned herein, Defendant HOLLAR resides at 13 Fairfield Ct., Ridgefield, Connecticut.

        5.    That at all times mentioned herein, Defendant HOLLAR was a physician licensed to practice within the State of New York.

RECEIVED
APR - 7 2009
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

3

6.    That at all times mentioned herein, Defendant HOLLAR was a physician with a specialty in psychiatry.

7.    That at all times mentioned herein, Defendant HOLLAR was a physician with a specialty in neurology.

8.    That at all times mentioned herein, Defendant HOLLAR had offices located at 466 Main Street, City of New Rochelle, County of Westchester, State of New York.

9.    That at all times mentioned herein, including prior to, on and/or subsequent to November 3, 2005 up to, including and subsequent to September 12, 2008, Defendant HOLLAR provided medical services to Plaintiff DORA S. BRUNO-JENSEN and a doctor/patient relationship existed between the Plaintiff DORA S. BRUNO-JENSEN and the Defendant HOLLAR.

10.    That at all times mentioned herein, including prior to, on and/or subsequent to November 3, 2005 up to, including and subsequent to September 12, 2008, Defendant HOLLAR as an agent, servant and/or employee of a corporate entity and/or professional corporation, provided medical services to Plaintiff DORA S. BRUNO-JENSEN and a doctor/patient relationship existed between the Plaintiff and the Defendant HOLLAR.

11.    That at all times mentioned herein, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. was a corporation organized and existing under and by virtue of the laws of the State of New York.

12.    That at all times mentioned, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. was a domestic corporation organized and existing under and by virtues of the laws of the State of New York.

13.    That at all times mentioned, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. was a foreign corporation authorized to do business in the State of New York and existing under and by virtues of the laws of the State of New York.

14.    That at all times hereinafter mentioned, and specifically in September 2008, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. maintained offices at 4415 Lewis Road, Harrisburg, Pennsylvania.

4

15.     That at all times hereinafter mentioned, and specifically in September 2008, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. maintained facilities at 4415 Lewis Road, Harrisburg, Pennsylvania that processed mail order prescriptions.

16.     That at all times hereinafter mentioned, and specifically in September 2008, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. maintained offices at One Express Way, St. Louis, Missouri.

17.     That at all times hereinafter mentioned, and specifically in September 2008, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. maintained offices at One Express Way, St. Louis, Missouri that processed mail order prescriptions.

18.     That at all times hereinafter mentioned, and specifically in September 2008, Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO employed employees, agents, servants, independent contractors and/or pharmacists to receive, review, clarify, verify and/or otherwise determine the accuracy of mail order prescriptions.

19.     That at all times hereinafter mentioned, and specifically in September 2008, Defendant Jill "Doe" R Ph was an agent, servant and/or employee of Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO employed to receive, review, clarify, verify, fill/refill and/or otherwise determine the accuracy of mail order prescriptions.

20.     That at all times hereinafter mentioned, and specifically in September 2008, Defendant Jill "Doe" R Ph was an independent contractor and provided services to Defendant EXPRESS SCRIPTS, INC. and/or EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. whose duties included the receipt, review, clarification, verification, fill/refill and/or determination of the accuracy of mail order prescriptions.

21.     That at all times mentioned herein, the Defendant(s) provided services to Plaintiff DORA S. BRUNO-JENSEN prior to, in or about August 2008 and/or September 2008 and a professional relationship existed between the parties.

5

22.     That at all times mentioned herein, there was a duty on the part of the Defendant(s) to exercise that degree of care and skill exercised by like providers in the community.

### AS AND FOR A FIRST CAUSE OF ACTION

23.     Plaintiffs repeat, reiterate and reallege each and every paragraph heretofore alleged as though specifically set forth herein.

24.     That on or about August 27, 2008, Defendant HOLLAR wrote a prescription for the Plaintiff DORA S. BRUNO-JENSEN.

25.     That subsequent to August 27, 2008, the aforesaid prescription was presented to the Defendant (s) EXPRESS SCRIPTS, INC., Jill "Doe", RPh, *last name unknown but described as a pharmacist employed by, or as an agent of, EXPRESS SCRIPTS, INC.*, and EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. to be filled for Plaintiff DORA S. BRUNO-JENSEN.

26.     That prior to August 27, 2008, prescriptions had been presented to the Defendant (s) EXPRESS SCRIPTS, INC., Jill "Doe", RPh, *last name unknown but described as a pharmacist employed by, or as an agent of, EXPRESS SCRIPTS, INC.*, and EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO. to be filled for Plaintiff DORA S. BRUNO-JENSEN.

27.     That at all times mentioned herein, Defendant(s) was/were charged with the responsibility of performing his/her/their respective services in accordance with acceptable standards of medical and professional practice.

28.     That prior to, on, about and/or subsequent to September 12, 2008, Plaintiff DORA S. BRUNO-JENSEN received a prescription product at the request of Defendant HOLLAR from the Defendants EXPRESS SCRIPTS, INC., Jill "Doe", RPh *last name unknown but described as a pharmacist employed by, or as an agent of, EXPRESS SCRIPTS, INC.*, and EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO.

29.     That subsequent to September 12, 2008 Plaintiff DORA S. BRUNO-JENSEN ingested the aforesaid prescription.

6

30.     That subsequent to September 12, 2008 Plaintiff DORA S. BRUNO-JENSEN was caused to become severely ill, was caused to seek medical attention and continues to seek medical attention and became and continues to be disabled as a result thereof.

31.     That at all times mentioned herein, Defendant(s) individually, jointly and/or severally failed to provide the proper prescription for Plaintiff DORA S. BRUNO-JENSEN thereby causing and/or contributing to the permanent injuries and irreparable medical conditions sustained and suffered by Plaintiff DORA S. BRUNO-JENSEN and Defendant(s) jointly and/or severally were otherwise careless, reckless and negligent in the care, treatment and services rendered to the Plaintiff DORA S. BRUNO-JENSEN. Plaintiff relies upon the theories of vicarious liability, *Res Ipsa Loquitur* and *Respondeat Superior*.

32.     As a result of the Defendant('s)(s') failure to Defendant(s) individually, jointly and/or severally failed to provide the proper prescription for Plaintiff DORA S. BRUNO-JENSEN, Plaintiff sustained serious, permanent personal injuries and disability and did endure and will continue to endure prolonged pain and suffering, mental anguish and permanent damages as well as economic and non-economic losses.

33.     That by reason of the foregoing, the Defendant(s) is/are liable for damages for the permanent personal injuries and pain and suffering of the Plaintiff DORA S. BRUNO-JENSEN sought herein which is/are in an amount in excess of the jurisdictional limits of all lower Courts and within the jurisdictional limits of this Court.

34.     That by reason of the foregoing, the Plaintiff DORA S. BRUNO-JENSEN sustained economic and non-economic damages which are determined to be valued in amounts in excess of the jurisdictional limits of all lower Courts and within the jurisdictional limits of this Court.

35.     That the limited liability provisions of the C.P.L.R. § 1601 do not apply pursuant to one or more of the exceptions of the C.P.L.R. § 1602.

## AS AND FOR A SECOND CAUSE OF ACTION

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained within the paragraphs hereinabove and hereinbelow inclusive with the same force and effect as if set forth and at length herein.

37.     Plaintiff MARTIN JENSEN is the lawful wedded husband of Plaintiff DORA S. BRUNO-JENSEN and at all times herein mentioned resided with him.

38.     As a result of the negligence of the Defendant(s), Plaintiff MARTIN JENSEN has been caused a loss of the co-Plaintiff's companionship, services, society and emotional support, love and consortium, economic contribution to the family as well as services in and about the household.

39.     As a result of the negligence of the Defendant(s), Plaintiff MARTIN JENSEN has sustained a loss of enjoyment of his life due to the injuries sustained by the Co-Plaintiff.

40.     That by reason of the foregoing, Plaintiff MARTIN JENSEN sustained, is sustaining and will continue to sustain economic and non—economic damages which are determined to be valued in amounts in excess of the jurisdictional limits of all lower Courts which might otherwise have jurisdiction.

41.     One or more exceptions in CPLR §1602 are applicable to all causes of action and defendant(s) is/are jointly and severally liable with any other tortfeasors, whether parties to this action or not.

42.     Plaintiffs further allege that the Plaintiff MARTIN JENSEN's economic and non-economic losses are indivisible for which each individual Defendant is jointly and severally liable with any other tortfeasors, whether parties to the action or not.

43.     That the limited liability provisions of the C.P.L.R. § 1601 do not apply pursuant to one or more of the exceptions of the C.P.L.R. § 1602.

W H E R E F O R E, Plaintiffs demand judgment against the Defendant(s) for damages in amounts in excess of the jurisdictional limits of all lower Courts which might otherwise have jurisdiction for the First and Second Causes of Action, together with the reasonable costs and disbursements of this action, including attorneys fees and interest.

*********

8

## CERTIFICATION PURSUANT TO PART 130

Pursuant to 22 NYCRR § 130-1.1-a: the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained within the annexed document are not frivolous.

Dated: White Plains, New York
      March 30, 2009

                              WORBY GRONER EDELMAN LLP

                              Sam Rosmarin, Esq.
                              Attorneys for Plaintiff
                              11 Martine Avenue - PH
                              White Plains, New York 10606

                              (914) 686-3700  Dial
                              (914) 686-0567  Fax

SUPREME COURT OF THE STATE OF NEW YORK
IN AND FOR THE COUNTY OF WESTCHESTER
-------------------------------------------------------------------X    Index No: 09/_____

DORA S. BRUNO-JENSEN and MARTIN JENSEN,

                                    PLAINTIFFS,    CERTIFICATE OF MERIT

            -AGAINST-

MILTON C. HOLLAR, M.D.; EXPRESS SCRIPTS, INC., Jill
"Doe", RPh *last name unknown but described as a pharmacist
employed by, or as an agent of, EXPRESS SCRIPTS, INC.*, and
EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO.

                                    DEFENDANTS.
-------------------------------------------------------------------X

The undersigned, attorney for Plaintiffs, declares that:

▮ I have reviewed the facts of the case and have consulted with at least one physician who is licensed to
practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant
issues involved in this action, and I have concluded on the basis of such review and consultation that there
is a reasonable basis for the commencement of this action.

☐ I was unable to obtain the consultation required by CPLR Section 3012-a(a)(1) because of a limitation
of time established by CPLR Article 2 would bar the action, and the certificate required by CPLR Section
3012-a(a)(1) could not be reasonably be obtained before such time expired.  The certificate required shall
be filed within ninety days after the service of the complaint.

☐ I was unable to obtain the consultation required by CPLR 3012-a(a)(1) because I have made three
separate good faith attempts with three separate physicians or dentists to obtain such consultation and
none of those contacted would agree to such a consultation.

☐ I intend to rely solely on the doctrine of "res ipsa loquitur" and for that reason am not filing the
certificate required by CPLR Section 3012-a(a).

Dated:  White Plains, New York
            March 30, 2009
                                    _____
                                    Sam Rosmarin, Esq.

10

SUPREME COURT OF THE STATE OF NEW YORK
IN AND FOR THE COUNTY OF WESTCHESTER
--------------------------------------------------------------X    Index No: 09/_____

DORA S. BRUNO-JENSEN and MARTIN JENSEN,

PLAINTIFFS,    CERTIFICATE OF MERIT

-AGAINST-

MILTON C. HOLLAR, M.D.; EXPRESS SCRIPTS, INC., Jill
"Doe", RPh *last name unknown but described as a pharmacist
employed by, or as an agent of, EXPRESS SCRIPTS, INC.*, and
EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO.

DEFENDANTS.
--------------------------------------------------------------X

INDIVIDUAL VERIFICATION

The undersigneds, being duly sworn, depose and say: We are the Plaintiffs in the action herein; we have read the annexed Summons, Complaint and Certificate of Merit, know and understand the contents thereof and the same are true to our knowledge except those matters therein which are stated to be alleged on information and belief, and as to those matter, we believe them to be true. Our belief, as to those matters therein not stated upon knowledge, is based upon communications with our attorneys, medical and hospital records requested by and in our attorneys' possession.

_____
DORA S. BRUNO-JENSEN

_____
MARTIN JENSEN

**STATE OF NEW YORK, COUNTY OF WESTCHESTER:**

On the 29 day of March 2009, before me, the undersigned, personally appeared DORA S. BRUNO-JENSEN and MARTIN JENSEN personally known to me or proved to me upon the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of the which the individual(s) acted, executed the instrument.

_____
Notary Public

THOMAS FAVATA
Notary Public, State of New York
No. 01FA6127926
Qualified in Westchester County
Commission Expires May 30, 20__    AFFIX SEAL

11

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.*  06919          *Year 20*   09

SUPREME COURT OF THE STATE OF NEW YORK
IN AND FOR THE COUNTY OF WESTCHESTER

DORA S. BRUNO-JENSEN and MARTIN JENSEN                                      PLAINTIFF

-AGAINST-

MILTON C. HOLLAR, M.D.; EXPRESS SCRIPTS, INC. Jill "Doe", RPh *last name unknown but described as a pharmacist employed by, or as an agent of, EXPRESS SCRIPTS, INC.,* and EXPRESS SCRIPTS UTILIZATION MANAGEMENT CO.

DEFENDANTS

## SUMMONS, VERIFIED COMPLAINT, CERTIFICATE OF MERIT

### WORBY GRONER EDELMAN LLP
COUNSELLORS AT LAW

*Attorneys for*         Plaintiffs

11 MARTINE AVENUE

WHITE PLAINS, NEW YORK 10606

(914) 686-3700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ...................................          Signature ...............................................................

                                                Print Signer's Name.........................................................

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

                              *Attorney(s) for*

PLEASE TAKE NOTICE

☐  NOTICE OF ENTRY          *that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on*                20

☐  NOTICE OF SETTLEMENT     *that an Order of which the within is a true copy will be presented for settlement to the
Hon.                        , one of the judges of the within-named Court,
at
on                   20      , at          M.*

*Dated:*

                              WORBY GRONER EDELMAN LLP
                              COUNSELLORS AT LAW

                    *Attorneys for*

*To:*                         11 MARTINE AVENUE
                              WHITE PLAINS, NEW YORK 10606

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------x
DORA S. BRUNO-JENSEN and
MARTIN JENSEN,

               Plaintiffs,

     - against -                      Index No. 09-06919

MILTON C. HOLLAR, M.D.; EXPRESS
SCRIPTS, INC., Jill "Doe", R Ph *last name*
*unknown but described as a pharmacist employed*
*by, or as an agent of,* EXPRESS SCRIPTS, INC.,
*and* EXPRESS SCRIPTS UTILIZATION
MANAGEMENT CO.,

               Defendants.
--------------------------------------------------------x

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Sam Rosmarin, Esq.
      WORBY GRONER EDELMAN LLP
      11 Martine Avenue – PH
      White Plains, New York 10606

      Mary E. Pearson, Esq.
      KOPFF NARDELLI & DOPF LLP
      440 9th Avenue 15
      New York, New York 10001-1688

     PLEASE TAKE NOTICE that Defendant Express Scripts, Inc., with consent of Co-

Defendant Milton C. Hollar, M.D., has caused to be filed with the Clerk of the United States

District Court for the Southern District of New York the attached Notice of Removal.  A copy of

the Notice of Removal is filed with this Court pursuant to 28 U.S.C. § 1446(d).

Dated: New York, New York
      May __, 2009

1

{NY062171;1}

Respectfully submitted,

AKERMAN SENTERFITT, LLP


By: _____
Scott M. Kessler
335 Madison Avenue, 26th Floor
New York, NY 10017
(212) 880-3874
(212) 905-6411 (fax)

and

HUSCH BLACKWELL SANDERS LLP
Catherine M. Dickenson
Claire Todorovich
190 Carondelet Plaza, Suite 600
Clayton, MO 63105-3441
(314) 480-1500 telephone
(314) 480-1505 facsimile

*Attorneys for Defendant Express Scripts, Inc.*

{NY062171;1}

SUPREME COURT OF THE STATE OF NEW YORK
IN AND FOR THE COUNTY OF WESTCHESTER
-----------------------------------------------------------x
DORA S. BRUNO-JENSEN and
MARTIN JENSEN,

        Plaintiffs,

   - against -                   Index No. 09-06919

MILTON C. HOLLAR, M.D.; EXPRESS
SCRIPTS, INC., Jill "Doe", R Ph *last name*
*unknown but described as a pharmacist employed*
*by, or as an agent of,* EXPRESS SCRIPTS, INC.,
*and* EXPRESS SCRIPTS UTILIZATION
MANAGEMENT CO.,

        Defendants.
-----------------------------------------------------------x

### CLERK'S CERTIFICATION

The undersigned hereby certifies that a file-stamped copy of the Notice of Removal filed in the United States District Court for the Southern District of New York, by Defendant Express Scripts, Inc. in the above styled cause was filed with the Clerk of this Court on the __th day of May, 2009.

                         CLERK OF THE COURT OF THE
                         SUPREME COURT OF THE STATE OF
                         NEW YORK, COUNTY OF
                         WESTCHESTER

By: _____

4

{NY062171;1}